## HART & THORNTON SAUSAGE CO. v. CITY TRANSFER COMPANY, et al.

Eastern Section.   July 3, 1926.

No petition for Certiorari was filed.

1. Carriers. Transfer company is liable for loss of goods left at consignee's place of business without notice to the consignee.

In an action to recover the value of a keg of casings where the evidence showed that the transfer company delivered the keg to plaintiff's back porch and left the same and without giving plaintiff notice, held transfer company was liable for the loss.

2. **Appeal and error. Evidence held sufficient to sustain judgment.**
    In an action to recover for value of a keg of casings where the evidence showed that it was left on plaintiff's back porch by defendant's servants who gave no notice of delivery other than by kicking on the door and yelling "freight" and where there was no evidence to show such a custom of delivery, held evidence sufficient to sustain the judgment for the value of the goods.

Appeal in Error from Circuit Court, of Washington County; Hon. D. A. Vines, Judge.

Affirmed.

Miller, Depew and Lee, of Johnson City, for plaintiff in error.

S. W. Price, of Johnson City, for defendant in error.

THOMPSON, J.   This suit was instituted by Hart & Thornton Sausage Company, a Tennessee corporation, against the City Transfer Company, a partnership engaged in the hauling and transfer business, and composed of J. H. Ferguson and W. M. Ferguson, the Messrs. Ferguson being also sued individually, before a justice of the peace seeking to recover the sum of $225, "in a plea of debt due by loss of one keg of casings on or about March 30, 1925, which were shipped to Hart & Thornton Sausage Co. by Oppenheim Casing Co., Chicago, Ill., and which were delivered to said defendant on March 30, 1925, and which they failed to deliver to plaintiff," etc.

The justice of the peace rendered judgment in favor of the defendants. The cause was removed to the circuit court by appeal. It was there tried by the circuit judge without the intervention of a jury, with result that a judgment was rendered in favor of the plaintiff and against the defendants for the sum of $225, and the costs of the cause. The defendants have appealed to this court and assigned error to the effect that there was no material evidence to support the judgment.

The plaintiff's place of business was in the Market House at Johnson City, and consisted of a "stall" therein. This "stall," like others in the Market House, had a door leading onto a large rear platform where freight for all the stall keepers was delivered.

The plaintiff ordered a keg of "casings" for sausage from the Oppenheimer Casing Company, at Chicago, Illinois. This keg of casings was shipped to plaintiff at Johnson City over the C. C. & O. Railroad Company. Upon its arrival in the freight depot at Johnson City the railroad company notified plaintiff, and plaintiff requested the defendants to get it from the depot and deliver it to plaintiff's place of business in the Market House. This was in accordance with the usual course of dealings between plaintiff and defendants.

The employees of the defendants promptly, and on March 30, 1925, got the keg of casings out of the depot, hauled it to the Market House, and placed it upon the rear platform above mentioned. One of them kicked on the door opening into plaintiff's stall or place of business and called out loudly the word "freight." The employees then drove away, leaving the keg of casings on the platform.

However, no one connected with plaintiff heard them, or knew that the keg of casings had been put upon the platform, although they needed the casings badly, and were upon the lookout for them. It is manifest from the record that the keg was stolen by some one or at any rate, plaintiff never got it.

The circuit judge in rendering judgment in favor of the plaintiff, held that "the defendants did not exercise care in making the delivery of said barrel (keg) of casings and that plaintiff was not guilty of contributory negligence."

The argument made in behalf of defendants is that the delivery as described above, was made "in the manner agreed upon between the parties and in accordance with the usage and custom of such deliveries as between the parties to this case," and, therefore, was not negligent and did not give the plaintiff a cause of action.

But we find that there is very substantial and material evidence in the record to the effect that ordinarily and customarily when defendants' employees put goods on the platform they actually notified and informed plaintiff of that fact. For instance, Mr. J. E. Hart, president of the plaintiff company, testified.

"Q. What has been the custom of the defendants in delivering shipments to you? A. They have always come in and notified us that the shipment was delivered and we immediately checked up on it and would take it in our store or do whatever was necessary with it." Dewey Rush, another witness for plaintiff, testified:

"Q. What is the method about kicking on the screen door when the delivery is made and yelling 'Freight'? A. I don't know anything about it. They notify us when it is delivered." Miss Kate Hall, another witness for plaintiff, testified:

"Q. It never had been the custom of Hart & Thornton to receipt the transfer company for freight delivered? A. We were never asked to. They just told us it was there, when they would deliver it.

"Q. Just delivered it on the back porch and yelled 'Freight'? A. They would come in and tell us."

In view of this evidence, we do not think it can be said that the delivery involved in this case and which consisted of putting the keg of casings on the rear platform, and then merely kicking on the

door and calling loudly the word "Freight" was in accordance and compliance with any custom between the parties, and certainly it was such a failure as entitled the plaintiff to a recovery.

It results that in our opinion there was no error in the judgment of the lower court and the same will be affirmed with costs.

Portrum and Snodgrass, JJ., concur.